# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Shelton Joseph Alfred, Jr. | Civil Action No. 6:20-0379 |
| versus | Judge Juneau |
| FCA US, LLC | Magistrate Judge Carol B. Whitehurst |

## MEMORANDUM RULING AND ORDER

This matter was removed to this Court by the defendant FCA US, LLC. In its Notice of Removal, defendant contends this Court has jurisdiction over this matter because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.00. On October 2, 2020, the undersigned ordered that the removing party file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum [Doc. 19]. The plaintiff was allowed seven days to respond to the removing party's memorandum.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C.A. §1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

Therefore, the plaintiff in this matter bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

In this matter, the undersigned conducted a review of the pleadings and found that the parties are diverse in that the plaintiff is a citizen of Louisiana, and defendant FCA US, LLC[1] is a limited liability company organized under Delaware law, having its principal place of business in Michigan, and having no members who are citizens of the State of Louisiana.[2] Because the plaintiff did not seek a determinate amount in his petition, however, the Court ordered jurisdictional

---

[1] At one time, Sterling Automotive Group, Inc., a Louisiana limited liability company, was a defendant in this matter, but has been dismissed.

[2] In its Notice of Removal, FCA US, LLC states:

> FCA US is a Limited Liability Company organized under Delaware law and having its principal place of business in Michigan. FCA US does not have any members that are located in the State of Louisiana, or that are citizens of the State of Louisiana. Rather, FCA US's sole member is FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in New York. FCA North America Holdings LLC's sole member is Fiat Chrysler Automobiles N.V., a publicly traded company formed in the Netherlands with its principal place of business in London, England. Under 28 U.S.C § 1332(c)(1), Fiat Chrysler Automobiles is a citizen of the Netherlands and the United Kingdom, and under controlling Fifth Circuit precedent, FCA US LLC and FCA North America Holdings LLC are therefore also citizens of the Netherlands and the United Kingdom. See 28 U.S.C §1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); Harvey, 542 F.3d at 1080 (holding that citizenship of an LLC "is determined by the citizenship of all its members"). Therefore, neither FCA US nor its members are citizens of Louisiana, where Plaintiffs are citizens, or Louisiana, where this case was filed.

*See* Notice of Removal, Doc. 1, at para. 6.

briefing from the parties setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum.

On October 22, 2020, the plaintiff filed a Stipulation [Doc. 21], alleging that the plaintiff does not seek to recover or accept damages exceeding $75,000.00. Plaintiff attaches an affidavit to this Stipulation, attesting to the same. On October 26, 2020, defendant filed a Response to the plaintiff's Stipulation, stating that, "[i]n light of the plaintiff's Stipulation, FCA now agrees that the amount in controversy does not exceed $75,000, and . . . this Honorable Court lacks jurisdiction." [Doc. 22]. The defendant seeks remand of this matter to the state court in light of the foregoing.

Considering the foregoing, IT IS ORDERED that, given that the facts and law support the conclusion that this Court lacks subject matter jurisdiction over the instant lawsuit, the instant matter is hereby REMANDED to the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana.

Thus done and signed in Lafayette, Louisiana this 30th day of October, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE